David J. McGlothlin, Esq. (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
4455 E. Camelback Road, Suite C250
Phoenix, AZ 85018
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **JACOB VANDERWOUDE, individually and on behalf of others similarly situated**, <br><br> **Plaintiff,** <br><br> v. <br><br> **GLOBAL PROCESSING SERVICES, LLC D/B/A MEDIATION PROCESSING SERVICES, LLC,** <br><br> **Defendant.** | Case No.: 1:21-cv-00132-HCN-JCB <br><br> **Plaintiff's Motion for Default Judgment and Reasonable Attorney's Fees Against Defendant Global Processing Services, LLC D/B/A Mediation Processing Services, LLC** <br><br> District Judge: Howard C. Nielson <br><br> Magistrate Judge: Jared C. Bennett |

# Points and Authorities Supporting Plaintiff Jacob Vanderwoude's Motion for Default Judgment

Plaintiff Jacob Vanderwoude ("Plaintiff"), through his attorney of record, hereby move this Court for a Default Judgment and attorney's fees and costs against Global Processing Services, LLC D/B/A Mediation Processing Services, LLC ("Defendant").

## I. Basis of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction without general subject matter jurisdiction and may only adjudicate those cases which the Constitution and Congress authorize. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This court has jurisdiction over the issues raised pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692(k). This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), a federal law.

## II. Service of Process

Under Rule 4 of the Federal Rules of Civil Procedure, a business entity can be served by delivering a copy of the summons and complaint to: 1) an officer, 2) a managing or general agent, or 3) any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Whether a person is an agent for service of process is determined by federal, rather than, state

standards. See *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964).

The requirements of Rule 4(h) are liberally construed to achieve its underlying purpose of giving a party notice of a claim against it. *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, * 3 (D.Ariz. June 22, 2006) (citing, among others, *Direct Mail*, 840 F.2d at 688-89; *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir. 1994); *see also Rovinski v. Rowe*, 131 F.2d 687, 1942 U.S. App. LEXIS 2921 (6th Cir. 1942)). An appointed agent's authority need not be express; it can also be implied. *Grand Canyon Resort Corp.*, 2006 WL 1722314 at 3 (*citing Direct Mail*, 840 F.2d at 685). "Implied authority may be sufficient where an individual is not an employee but is 'so integrated with the organization that he will know what to do with the papers . . . so as to render it fair, reasonable and just to imply authority on his part to receive service,' and as long as the party receives sufficient notice of the complaint." Id. (quoting *Direct Mail*, 840 F.2d at 866) (holding that receptionist employed by another corporation was an agent despite denial of authority when defendant corporation shared office space with her employer and she was only person in the office).

On October 12, 2021, Defendant was served a copy of the summons and complaint in this action. *Declaration of Ryan L. McBride in Support of Plaintiff's Amended Motion for Entry of Default "McBride Decl."* ¶3; Proof of Service

*attached as Exhibit A.* Plaintiff's counsel sent a letter to Defendant via mail on December 21, 2021 requesting that Defendant file a response. *McBride Decl. ¶4; Letter to Defendant attached as Exhibit B.* To date, Defendant has not responded to any of Plaintiff's inquiries. *McBride Decl. ¶ 7.*

Finally, on January 24, 2022, Plaintiff filed a Motion for Entry of Default. *McBride Decl. ¶5.* After the clerk entered default against Defendant, Plaintiff mailed the certificate of default to Defendant. *McBride Decl. ¶ 6.* Despite Plaintiff's counsel's service of the lawsuit, follow-up letter, and mailing of the entry of default, Defendant still refuses to file a response. *McBride Decl. ¶7.*

Defendant's designated agent for service of process was served. *See* Proof of Service attached as *Exhibit A*. Therefore, Defendant is well aware of the lawsuit, and is simply refusing to respond. Defendant was doing business in the State of Utah, was properly served with process, and has failed to answer or otherwise respond to the Complaint. In spite of that time lapse, Defendant has done nothing to defend its interests in this case, or contact Plaintiff's counsel. On January 27, 2022, the Clerk of Court issued an Order of Default against the Defaulting and non-appearing Defendant. (ECF #13). Plaintiff mailed this Court-conformed copy of the motion to Defendant on January 31, 2022, but still has received no response. *McBride Decl. ¶6.*

### III. Personal Jurisdiction

At all times relevant, Defendant conducted business within the State of Utah. This is evidenced by the collection letter sent to Plaintiff's address in Utah. See Collection Letter attached as *Exhibit C*. Therefore, venue is proper and personal jurisdiction has been established.

### IV. Claims for Liability

#### A. Factual Basis of Illegal Conduct

Defendant engaged in the following illegal conduct which gives rise to this action. Plaintiffs now provide this summary in order to provide the Court more of an understanding of the basis for the amount of damages sought.

On June 16, 2021, Defendant sent Plaintiff a letter attempting to collect on the debt, the letter stated that Plaintiff owed $2,119.00 to the Defendant and that they would be taking legal action. *Vanderwoude Decl.* ¶7. Specifically, Defendant indicated that it "has prepared a Civil Petition for wage garnishment and bank account levies, as well as liens against liquidable assets in order to obtain the full current value of the debt by Civil Action." *Exhibit C*. However, Plaintiff was never served with a lawsuit by Defendant or by any other representative of Defendant. *Vanderwoude Decl."* ¶9. Plaintiff is not aware of any active court case involving debt collection against Plaintiff involving Defendant. *Vanderwoude Decl."* ¶11.

It is also apparent that there were no wage garnishment or bank account levies obtained by Defendant that Defendant referred to in their letter. *Vanderwoude Decl."* ¶¶ 12-13. Finally, it is clear that Defendant never intended on serving Plaintiff with legal documents because Plaintiff was never served with any legal documents. *Vanderwoude Decl."* ¶13. Furthermore, Defendant was not licensed as a debt collector at the time of collection, which is required by Utah Code 12-1-5.

Finally, Defendant sent Plaintiff multiple texts and a collection letter after Plaintiff asked for validation in violation of 15 U.S.C. § 1692g.

### B. Legal Argument

As noted above, Plaintiff brought this action against Defendants as a result of Defendants' violations of the Fair Debt Collections Practices Act. Specifically, Plaintiffs sought to be compensated for: Defendant's false, deceptive, or misleading conduct used in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e and e(10) (See Complaint ¶ 25); Defendants threatening to take action that could not legally be taken or that Defendants did not intend to take in violation of 15 U.S.C. § 1692e(5) (See Complaint ¶ 24); Defendant's use of unfair or unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f (See Complaint ¶¶ 32); Defendant's continued collection attempts after Plaintiff asked for validation of the debt in violation of 15

U.S.C. § 1692g; and Defendant's failure to possess a debt collection license in the State of Utah in violation of Utah Code § 12-1-1 (See Complaint ¶ 28-30).

Defendant's false threats regarding looming litigation and Defendant's collection while not being licensed in Utah are misleading representations to Plaintiff, a consumer. Thus, Defendant has violated the above sections of the FDCPA. Furthermore, Defendant's actions and inactions constitute violations of the USCPA due to its deceptive communications with Plaintiff.

### C. **Award of Damages**

As a prevailing Plaintiff under the FDCPA, Plaintiff is entitled to statutory damages, actual damages and attorney's fees and costs. *See,* 15 U.S.C. § 1692k(a).

Statutory damages of up to $1,000.00 are available to Plaintiff under the FDCPA based on Defendant's unlawful collection activities. *See,* 15 U.S.C. § 1692k(a)(2)(A). The FDPCA provides that any debt collector who violates any provision of the FDCPA is liable for court awarded damages of up to $1,000.00.

As a prevailing Plaintiff under the USCPA, Plaintiff is entitled to statutory damages of $2,000, actual damages and attorney's fees and costs. *See,* Utah Code Ann. § 13-11-19 and §78B-8-201.

Here, Plaintiff has adequately set forth facts from his complaint, and subsequent declarations, that such conduct by Defendant was willful and in complete disregard for the rights of Plaintiff. Accordingly, based on Defendant's

violations of the FDCPA Defendant is liable for the maximum amount statutory damages of $1,000 to Plaintiff. Furthermore, Defendant is liable for the maximum amount statutory damages of $2,000 under the USCPA. Considering the FDCPA was enacted in 1978 and the amount of statutory damages has never been adjusted, and further considering Defendant's conduct at issue, Plaintiff requests the full $1,000 in statutory damages under the FDCPA and $2,000 under the USCPA.

Further, The FDCPA mandates the payment of attorney fees to a successful consumer pursuant to 15 U.S.C. §1692k(a)(3). Plaintiff's Counsel has calculated their fees at an hourly rate of $400.00 per hour. To support a billing rate of $400.00, Plaintiffs' counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation *See* McBride Decl. ¶¶ *9-31*.

Moreover, reasonable billing discretion has been used throughout this case *See McBride Decl.* ¶¶ *33-34*. Using reasonable billing discretion, Mr. McBride and his firm, Kazerouni Law Group has billed for 9.6 hours of work in this case at a rate of $400.00 per hour for a total of $3,840.00. *See McBride Decl. ¶ 33 and Exhibit D*. Plaintiff's counsel also expended a total of $525.96 in costs which includes a filing fee and service of process charges. *See Exhibit D*. Therefore, Plaintiff has incurred a total of $4,365.96 in attorneys fees and costs.

D. **Fed.R.Civ.P. 55(b)(2)**

Defendant is not a minor nor incompetent person. Defendant is a business entity. *See Complaint ¶ 11.*

E. **Default Judgment**

Plaintiff has satisfied the procedural requirements for default judgment against Defendant. "Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." *Std. Ins. Co. v. Caballeros-Yescas*, 2020 U.S. Dist. LEXIS 12613 (D. Kan.) citing *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269, 1274 (D. Kan. 2016) (quoting *DeMarsh v. Tornado Innovations, L.P.*, 2009 U.S. Dist. LEXIS 102312, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2688 (3d ed. 1998)). *See also* Fed.R.Civ.P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied.").

Plaintiff submitted a declaration and application for entry of default, which prompted the Clerk of the Court to enter default against Defendant on January 27, 2022. (ECF #13). Plaintiff's request for relief does not differ from that prayed for in the complaint. The application for default judgment complies with the Federal Rules of Civil Procedure.

Accordingly, the Court need only analyze five factors: (1) the degree of actual prejudice to the moving party, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the Court had warned the disobedient party in advance that its actions could result in judgment against it, and (5) the efficacy of lesser sanctions. *See Chavez v. Morales*, 2020 U.S. Dist. LEXIS 126253 (D. NM) citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159-60 (10th Cir. 2013) (applying the *Ehrenhaus* test to a default judgment imposed under Rule 37).

### F. Degree of Actual Prejudice and Amount of Interference with the Judicial Process

Under the first factor, the Court considers the degree of actual prejudice. In this instance, Defendant has prejudiced Plaintiff's ability to proceed with the case and has interfered with the judicial process. See *Chavez* at 9. Plaintiff will be prejudiced if he does not receive compensation for the violation of his rights afforded to him by the Fair Debt Collection Practices Act. Here, if Plaintiff is not awarded default, Plaintiff will be left with no other recourse to recover payment. Therefore, Plaintiff would be prejudiced without this default judgment.

///

///

### G. Culpability of the Litigant and Whether the Court had Warned Disobedient Party

Despite being warned multiple times, Defendant has refused to answer the lawsuit filed by Plaintiff. While the Court did not directly warn Defendant, Plaintiff provided court documents to Defendant on several occasions. Defendant's culpability is high here and these factors weigh towards granting default judgment.

### H. Efficacy of Lesser Sanctions

Here, Defendant appears to be unreachable as it has not responded to any correspondence, including the service of a federal lawsuit. Therefore, it is likely that lesser sanctions will not be effective. Thus, this factor weighs in favor of default judgment.

### G. Plaintiff is The Prevailing Party To This Action and Therefore Entitled To An Award of Attorney's Fees and Costs

The Supreme Court has defined a "prevailing party" as the party in whose favor a judgment is rendered. *Buckhannon Bd. And Care Home, Inc. v. VA Dep't. of Health*, 532 U.S. 598, 603. At the time the default judgment is entered, Plaintiff will be the prevailing party. As the prevailing party to the action, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). Consumers are prevailing parties entitled to an award of attorney's

fees and costs for time expended in bringing the action. *Smith v. Law Offices of Mitchell N. Kay*, 762 F. Supp. 82 (D. Del. 1991). The statutory language of the FDCPA makes an award of attorney fees to the successful consumer mandatory. *Booth v. Collection Experts, Inc., 969 F. Supp.* 1161 (E.D. Wis. 1997).

''The reason for mandatory fees is that Congress chose a 'private attorney general' approach for enforcement of the FDCPA.'' Attorney fee awards exceed the damage awards in most cases, and there need be no proportionality between attorney fees and costs. The Truth in Lending Act ("TILA") has identical attorney fee language and courts interpret TILA as requiring the award of attorney fees even in cases of minor violations. In other words, fee shifting is central to the congressional goals for the FDCPA as can be seen from the statute and its history.

The FDCPA mandates the payment of attorney fees to a successful consumer. The FDCPA states:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of— [actual damages]; [statutory damages]; and; (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. §1692k(a)(3).

The purpose of this fee shifting provision is to attract competent counsel. *Zagorski v. Midwest Billing Services, Inc.,* 128 F.3d 1164, 1167 (7th Cir. 1997) In

litigation under the FDCPA, an award of reasonable attorney fees is mandatory, and not discretionary. *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991); *Piples v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fees. . ."); *Mace v. Van Ru Credit*, 109 F.3d 338, 344 N.3 (7th Cir. 1997).

An award of attorney's fees to a successful consumer under the FDCPA is designed to compensate the consumer for his role in privately enforcing the FDCPA, and Congress intended that the prevailing consumer recover reasonable attorney's fees.

### H. Attorney Fees Shall Be Calculated Pursuant To The Lodestar Formula

The Ninth Circuit has determined that District courts must calculate awards for attorney's fees using the "lodestar" method. This is especially true with FDCPA actions. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001), an action against a debt collector pursuant to the FDCPA, "District courts must calculate awards for attorneys' fees using the "lodestar" method." The "lodestar" figure is the hours reasonably expended multiplied by an allowed hourly rate. *See Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. §1988). The burden is on the applicant to prove that the fee request is

**Plaintiff's Motion for Default Judgment and Reasonable Attorney's Fees**
-13-

reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award.

Although *Hensley* was decided in the context of a civil rights case, the lodestar analysis is applicable to all cases involving an attorney fee shifting statute. *Hensley*, 103 S.Ct. at 1941. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." The determination of the allowable hours rests with the sound discretion of the trial court. *Hensley*, 103 S.Ct. at 1941. Determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases."

### I. **Plaintiffs' Attorneys Fees Are Reasonable**

Plaintiff's Counsel has calculated their fees at an hourly rate of $400.00 per hour. To support a billing rate of $400.00, Plaintiffs' counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation *See McBride Decl.* ¶¶ 9-31.

### J. **Plaintiff's Counsel's Reasonable Hours Expended and Costs Incurred**

Reasonable billing discretion has been used throughout this case *See McBride Decl. ¶ 32-33*. Using reasonable billing discretion, Mr. McBride and his firm, Kazerouni Law Group, APC has billed for 9.6 hours of work in this case at a

rate of $400.00 per hour for a total of $3,840. *See McBride Decl.* ¶ 33; *See Exhibit D*. Plaintiff's counsel also expended a total of $525.96 in costs, which includes a filing fee, and process server fees. *See Exhibit D*.

### K. **Statement of Consultation**

Plaintiff's counsel repeatedly tried to contact Defendant. Plaintiff's counsel attempted to establish lines of communication to settle the case in its entirety, or to generally communicate about any matter related to Plaintiff's claims have been unsuccessful. *See McBride Decl.* ¶¶ 3-8.

///

///

///

///

///

///

///

///

///

///

///

///

## V. CONCLUSION

In the present case, Plaintiff requests judgment be entered against Defendant for a total award of:

1. $1,000 in statutory damages under the FDCPA;
2. $2,000 in statutory damages under the UCSPA;
3. $3,840 in attorney's fees;
4. $525.96 in costs

Respectfully submitted,                                    **Kazerouni Law Group**

Dated: June 3, 2022

By:   */s/ Ryan L. McBride*
ryan@kazlg.com
**Kazerouni Law Group, APC**
4455 E. Camelback Road
Suite C250
Phoenix, AZ 85018
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff

## Certificate of Service

I certify that on June 3, 2022, I sent a copy by regular U.S. postal service to Global Processing Services, LLC D/B/A Mediation Processing Services, LLC.

Global Processing Services, LLC d/b/a Mediation Processing Services, LLC
155 Blanding Blvd., Ste 6C-D
Orange Park, FL 32073

                                              By:    */s/ Ryan L. McBride*
                                                          Ryan L. McBride